IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ENRIQUE ALFONSO PEREZ ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | **8:25CV177**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Enrique Alfonso Perez Alvarez ("Perez Alvarez") is a Mexican national who has resided in the United States for over two decades. On October 30, 2010, Perez Alvarez was a victim of an armed robbery in Madison, Wisconsin. On May 5, 2021, he filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization ("Form I-765") with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p). He also submitted an I-918A Petition for Qualifying Family Member on behalf of his relative, Maria Luisa Martinez Padilla ("Martinez Padilla"), who then filed her own Form 1-765.

He eventually filed this *pro se* complaint (Filing No. 1) on March 10, 2025, claiming the USCIS has yet to fully adjudicate those requests. Although the USCIS has issued a bona fide determination and work authorization to Perez Alvarez, he complains it has failed to act on Martinez Padilla's applications. *See* 8 U.S.C. § 1184(p)(6) (stating the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Perez Alvarez asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*., and asks the Court to order the USCIS to "to make *bona*

*fide* determinations and decisions on the pending work authorization applications within 14 days." *See Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief).

Now before the Court is the USCIS Director's (the "Director") Motion to Dismiss (Filing No. 7) Perez Alvarez's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). For the reasons explained in *Patel v. Director, USCIS*, 8:25CV59, Filing No. 18 (D. Neb. June 11, 2025), the Court agrees with the Director that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of Perez Alvarez's claim. Because the Court lacks jurisdiction over this matter,

IT IS ORDERED:

1. The Director of United States Citizenship and Immigration Services's Motion to Dismiss (Filing No. 7) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.
2. Plaintiff Enrique Alfonso Perez Alvarez's complaint (Filing No. 1) is dismissed without prejudice.
3. Perez Alvarez's Motion for Partial Summary Judgment (Filing No. 5) is denied as moot.
4. A separate judgment will issue.

Dated this 12th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge